IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THERENCE W. CROOKS,
    Plaintiff,

vs.                                     Case No.: 3:17cv37/LAC/EMT

JULIE JONES, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's "Motion for Notice of Dismissal/Voluntary Dismissal Without Prejudice" (ECF No. 12).

Rule 41 of the Federal Rules of Civil Procedure provides:

**(a) Voluntary Dismissal.**

    **(1) By the Plaintiff.**

        **(A)** *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

            **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

            **(ii)** a stipulation of dismissal signed by all parties who have appeared.

> **(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. . . .

Fed. R. Civ. P. 41(a).

Here, none of the Defendants have served an answer; indeed, none of them have been served with the complaint. Therefore, Rule 41 grants Plaintiff an unconditional right to dismiss his complaint. *See* Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979) ("Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court."); Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977) ("As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."); Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976) ("The court had no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right."); Pilot Freight Carriers v. Int'l Bhd. of Teamsters, 506 F.2d 914, 916 (5th Cir. 1975) ("Rule 41(a)(1) means precisely what it says.").[1] The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. *See* Matthews v. Gaither, 902 F.2d 877, 880 (11th

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

Cir. 1990) (citation omitted). The fact that a notice of dismissal is styled as a "petition" rather than a "notice" is without consequence. *See id.* (citations omitted).

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for voluntary dismissal (ECF No. 12) be **GRANTED** and this action **DISMISSED without prejudice**, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

At Pensacola, Florida, this 26th day of May 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.